**DEREK SMITH LAW GROUP, PLLC**
SUSAN KEESLER, ESQ.
Attorney ID No. 312977
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
susan@dereksmithlaw.com
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY SAVAGE,<br><br>   Plaintiff,<br><br> v.<br><br>TEMPLE UNIVERSITY – OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, et al.,<br><br>   Defendants. | Case No. 2:19-cv-06026-KSM<br><br>**ORDER** |

  NOW, this _____ day of _____, 2020 upon consideration of Plaintiff's Motion to Strike pursuant to Fed. R. Civ. P. 12(f), it is hereby ORDERED that Plaintiff's Motion to Strike is GRANTED, and Defendants' Responses to paragraphs 4-7, 9, 10, 12, 13, 15, 16, 18-22, 27, 28-30, 36, 40, 62, 63 to Plaintiff's Amended Complaint are hereby stricken. It is further ordered that Defendants' Affirmative Defenses 1, 2, 5, 8, 9, 13, 14, 17, 26-29 are hereby stricken with prejudice. This Court shall grant ten (10) days leave to Defendants to file an amended answer.

                _____
                Karen S. Marston, J.

**DEREK SMITH LAW GROUP, PLLC**
SUSAN KEESLER, ESQ.
Attorney ID No. 312977
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
susan@dereksmithlaw.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICKY SAVAGE, <br><br> Plaintiff, <br><br> v. <br><br> TEMPLE UNIVERSITY – OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, et al., <br><br> Defendants. | Case No. 2:19-cv-06026-KSM <br><br> **PLAINTIFF'S MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)** |

**I.   INTRODUCTION**

On April 2, 2020, Plaintiff Ricky Savage ("Plaintiff") filed his Amended Complaint (Document 18) alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), "); the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, et. seq. ("PHRA"); and the Philadelphia Fair Practices Ordinance, § 9-1100 et. seq. ("PFPO").

Plaintiff is an individual Black male Muslim, who practices the Islam religion. Around June 4, 2018, Plaintiff began working as an Electrical Supervisor for Defendants. Around June 7, 2018, Plaintiff informed his supervisor, Defendant Kevin Casey, that he was Muslim and that

2

he would need to leave early on Friday, June 8, 2018 to attend religious services at his Mosque, which Defendant Casey did not decline. Mr. Savage further notified Defendant Casey that he was requesting an accommodation for his religious observance/practice – to attend required services at his Mosque for every Friday from 12pm – 2pm with adequate travel time allotted. Plaintiff offered alterative solutions, such as flexible scheduling, offering to come into work early, stay late, or otherwise make up the time that he would miss to attend his religious services. Defendant Casey informed Plaintiff that he would need to check with his supervisor, Defendant Joseph Monahan, to determine whether they could accommodate Plaintiff's request.

Plaintiff followed up with Defendant Casey the following Monday to inquire whether his request had been approved by Defendant Monahan, however Defendant Casey stated he did not have a definitive answer at that time. Around June 14, 2018, Defendant Casey informed Plaintiff that his request had been denied and they would not accommodate his religious observance on Fridays. At that meeting with Defendant Casey, Plaintiff, hoping to seek understanding and a solution, submitted a six-page formal written letter to Defendant Casey, detailing his request for a religious accommodation ad the requirements of his religion, as well as including citations to applicable laws and regulations related to religious accommodation requests. The Muslim holiday of Ramadan was approaching around this time, which required Plaintiff to go to the Mosque in religious observance on Friday, June 15, 2020, and Plaintiff asked Defendant Casey whether he could attend this particular service that Friday. Defendant Casey stated he would forward Plaintiff's letter and request to his supervisor, Defendant Monahan.

Later that same day, Defendant Casey informed Plaintiff that his request was denied to attend services for Ramadan on June 15, 2018 and that Defendant Monahan denied Plaintiff's request for a religious accommodation. As a result, Plaintiff inquired whether he could use his

personal or vacation days instead to attend services for Ramadan on July 15, 2018, which Defendant Casey approved.  On June 15, 2018, Plaintiff attended services for Ramadan and used his personal and/or vacation time.  The next Tuesday, June 19, 2018, Defendant Monahan instructed Defendant Muller to terminate Plaintiff for taking off Friday, June 15, 2018 "without permission" despite Plaintiff having received prior approval from Defendant Casey.  Regardless of Defendant Casey's prior approval, Defendants upheld Plaintiff's termination.

Around June 19, 2018, Plaintiff filed a complaint with Defendant Felisha Brown, Employee Relations Manager of Human Resources, stating he felt he was wrongfully terminated because he had in fact received approval from his supervisor to take June 15, 2018 off, that he had made a request for a religious accommodation, and that he was discriminated against based on his religion.  Defendant Brown admitted to the same at her deposition:

```
 1        Q.   And what did he say on that phone call?
 2        A.   He didn't agree with his termination, and
 3   then he proceeded to go into the fact that he
 4   requested a religious accommodation, at which I told
 5   him I was unaware, and I asked him to send me -- he
 6   said that he presented a letter to his supervisor.
 7   I think he also started going down the laws
 8   surrounding religious accommodations, and I asked
 9   him to send me the document that he presented to his
10   supervisor.
11        Q.   When he told you he didn't agree with the
12   termination, did he tell you why he didn't agree?
13        A.   He said that he received permission from
14   his supervisor.
15        Q.   To what?
16        A.   To take the 15th off.
```

4

(Dep. of Felisha Brown, 59, 1-16).  However, despite this information, Defendant Brown failed to investigate Plaintiff's complaint and instead upheld the termination on the stated basis of Plaintiff having called out of work "without permission." As a result, Plaintiff submitted a complaint to Defendants' Equal Opportunity Compliance department (EOC).  Around July 13, 2018, Plaintiff received a letter from Tracey Hamilton, Assistant Director of EEO, informing Plaintiff they were closing their investigation and that they did not find evidence to support religious discrimination. Ms. Hamilton copied Plaintiff's supervisors for the purposes of continuing conversations to find more appropriate solutions to the concerns that Plaintiff had raised. However, despite this letter, Plaintiff's supervisors failed to contact Plaintiff or continue any discussions with him.  On July 13, 2018, Ms. Hamilton also sent a closing letter to Plaintiff's supervisors and Human Resources, concluding that while she did not find that discrimination had occurred, she found that "management failed to provide Mr. Savage in a timely manner, with all the information necessary for him to make appropriate decisions.  Therefore, it is the recommendation of this office that the termination of June 19, 2018 be rescinded and further discussions between the department and Human Resources find more appropriate resolutions to address any infractions and the concerns raised." Despite EOC's recommendation, Defendants upheld Plaintiff's termination and failed to find more appropriate solutions to address Plaintiff's concerns.

      Defendants' responses to paragraphs 4-7, 9, 10, 12, 13, 15, 16, 18-22, 27, 28-30, 36, 40, 62, 63 of Plaintiff's Amended Complaint, in which Defendants allege that Plaintiff's averments in the above mentioned paragraphs "contain legal conclusions to which no response is required," should be stricken because Plaintiff's averments are factual allegations which require a response by Defendants.  *See* Defendant's Answer (Document 29).  In addition, Defendants assert thirty

"Affirmative Defenses" in their Answer to Plaintiff's Amended Complaint, which Plaintiff moves to specifically strike affirmative defenses 1, 2, 5, 8, 9, 13, 14, 17, 26-29 because of their insufficiency. *Id.*

## II.     DISCUSSION

Under Federal Rules of Civil Procedure Rule 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. Fed. R. Civ. P. 12(f). A motion to strike under Rule 12(f) is the proper method to eliminate matters in pleadings which are found to be redundant, immaterial, impertinent, or scandalous. *Great West Life Assur. Co. v. Levithan*, 834 F. Supp. 858 (E.D. Pa. 1993); *see also* 5A Wright & Miller, § 1380 at 644. A motion to strike is also the appropriate procedure to object to an insufficient defense. *Id.; see also U.S. v. Marisol,* 725 F.Supp. 833 (M.D. Pa. 1989). "A defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." 5A Wright & Miller, § 1380. In order to succeed on a motion to strike, the moving party must show that he is prejudiced by the presence of the allegations in the pleading. *Levithan*, 834 F. Supp. at 864. "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." *Goldsmith v. Lee Enterprises, Inc*., 2019 WL 5188951 (E.D. Mo. 2019).

Here, the following "affirmative defenses" asserted by Defendants should be stricken for the following reasons:

- First Affirmative Defense – This is an insufficient defense because Plaintiff's Amended Complaint clearly stated a claim for relief. *See* Amended Complaint (Document 18).

- Second Affirmative Defense – This is an insufficient defense because Plaintiff's Amended complaint expressly delineates the time period relevant to his claims, however Defendants purport to raise a statute of limitations defense without alleging any facts showing that the conduct at issue occurred outside the statute of limitations. *See* Amended Complaint, P. 4 (Document 18).

- Fifth Affirmative Defense – This is an insufficient defense because under the facts alleged in in the Exhaustion of Administrative Remedies section of Plaintiff's Amended Complaint, Plaintiff's claims are timely filed and Defendants have no valid basis or facts to support this defense. *See* Amended Complaint, P. 4 (Document 18).

- Eighth Affirmative Defense – This is an insufficient defense as it is confusing as to which claim in particular Defendants are referring to, thereby providing no notice to Plaintiff as to which claims they are challenging on a jurisdictional basis, and Defendants have no valid basis or facts to support this defense.

- Ninth Affirmative Defense – This is clearly an insufficient defense with no valid basis or factual basis because it is well-settled that administrative exhaustion is not a prerequisite to a Section 1981 claim. *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983).

- Thirteenth Affirmative Defense – This is an insufficient defense as Defendants have no valid basis or factual basis for this defense.  Defendants themselves have admitted they never presented Plaintiff with a proposed reasonable accommodation in response to Plaintiff's request; therefore Plaintiff never could have rejected them.   Defendant Monahan admitted at his deposition that he never reached out to Plaintiff with any alternative solutions or proposals to his request for religious accommodation nor did he gather any details from Plaintiff about his request:

> 9  Q   Okay.  In trying to gather this information, did
> 10 you ever reach out to Mr. Savage specifically about
> 11 whether he could attend services or pray at a different
> 12 location than the one in Delaware?
> 13 A   I did not.

(Dep. of Joseph Monahan, 134, 9-13).

> 5  Q   Did you ever ask Mr. Thompson if it would be okay
> 6  for you to reach out to Mr. Savage and ask him about
> 7  details of his request?
> 8  A   I did not.  But in this email, as you can see, I
> 9  said, okay, I will work on this.  That's -- I take that
> 10 as, I would have to reach out specifically and ask
> 11 Mr. Savage these questions to get more details.
> 12 Q   And did you?
> 13 A   I did not.
> 14 Q   Okay.  Did Mr. Thompson ever tell you that you are
> 15 not permitted to speak with Mr. Savage about this?
> 16 A   I don't recall that.
> 17 Q   Okay.  So when Mr. Thompson asked you about more
> 18 details on the holidays that Mr. Savage was requesting
> 19 and you said, okay, I will work on this, what did you do
> 20 to work on that?
> 21 A   Nothing.

(Dep. of Joseph Monahan, 137, 5-21).

- Fourteenth Affirmative Defense – This is an insufficient defense because Defendants have no valid basis or facts to support this defense. Defendant Monahan, Defendant Brown, Ms. Hamilton from EOC, and Tobias Thompson, all admitted during their depositions to having received Plaintiff's letter to Mr. Casey, which detailed his request for a religious accommodation and clearly expressed his willingness to engage in the interactive process, however Defendants never gave Plaintiff the opportunity because they did not reach out to him to engage in such process.

- Seventeenth Affirmative Defense – This is an insufficient defense and confuses the issues in the case. Defendants have no valid basis nor has presented any factual basis for this defense. As a result, Plaintiff cannot determine how the defense of waiver is applicable to this case, thereby prejudicing Plaintiff.

- Twenty-Sixth Affirmative Defense - This is an insufficient defense because Plaintiff's Amended Complaint clearly stated a claim for relief pursuant to PHRA Section 955. *See* Amended Complaint (Document 18).

- Twenty-Seventh Affirmative Defense - This is an insufficient defense because Plaintiff's Amended Complaint clearly stated a claim for relief pursuant to PFPO. *See* Amended Complaint (Document 18).

- Twenty-Eighth Affirmative Defense - This is an insufficient defense because Plaintiff's Amended Complaint clearly stated a claim for declaratory relief. *See* Amended Complaint (Document 18).

- Twenty-Ninth Affirmative Defense - This is an insufficient defense because Plaintiff's Amended Complaint clearly stated a claim for injunctive relief. *See* Amended Complaint (Document 18). Defendants have no valid basis or factual basis for this defense. Further, this Court found that Plaintiff's claim for injunctive relief survived Defendants' motion to dismiss. *See* Memorandum of Law, dated June 25, 2020 (Document 22).

Defendants' "affirmative defenses" referenced above should be stricken because Defendants have no valid basis or factual basis for these defenses, they confuse the issues in the case where under the facts alleged, or they are unrelated or inapplicable to Plaintiff's claims as specified above. Further, Plaintiff is prejudiced because if the above affirmative defenses are not stricken, Plaintiff will have to engage in continued and burdensome discovery to discern how these defenses relate to Plaintiff's claims, necessitating further depositions and discovery requests.

Further, Defendants' responses to paragraphs 4-7, 9, 10, 12, 13, 15, 16, 18-22, 27, 28-30, 36, 40, 62, 63 of Plaintiff's Amended Complaint, in which Defendants allege that Plaintiff's averments in the above mentioned paragraphs "contain legal conclusions to which no response is required," should be stricken because Defendants' responses are insufficient, and Plaintiff's averments are factual allegations which require a response by Defendants. *Levithan*, 834 F. Supp. at 865 (striking paragraphs in Defendant's Answer which responded to plaintiff's averments as "conclusions of law and do not require a reply" because plaintiff's averments in the paragraphs at issue of her complaint were not conclusions of law, but rather factual allegations requiring a response by the Defendant); *see also* Defendant's Answer (Document 29).

### III.     CONCLUSION

Defendants' aforementioned responses to Plaintiff's factual averments and "Affirmative Defenses" are insufficient under Rule 12(f).  Defendants' bare legal conclusions are insufficient and without valid basis and will prejudice Plaintiff in the discovery process should they not be stricken from Defendants' Answer.  Defendants have placed an unnecessary burden on Plaintiff to propound discovery to determine whether each defense has any basis or whether it is applicable at all.  Accordingly, Plaintiff respectfully requests that the Court strike Defendants' responses to paragraphs 4-7, 9, 10, 12, 13, 15, 16, 18-22, 27, 28-30, 36, 40, 62, 63 of Plaintiff's Amended Complaint from Defendants' Answer, and strike the following Defendants' "Affirmative Defenses": 1, 2, 5, 8, 9, 13, 14, 17, 26-29.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/Susan Keesler*
SUSAN KEESLER, ESQUIRE
*Attorneys for Plaintiff Ricky Savage*

Dated: August 5, 2020

**DEREK SMITH LAW GROUP, PLLC**
SUSAN KEESLER, ESQUIRE
Attorney ID #: 312977
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Phone: 215-391-4790
susan@dereksmithlaw.com
*Attorneys for Plaintiff, Ricky Savage*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICKY SAVAGE,<br><br>               Plaintiff,<br><br>vs.<br><br>TEMPLE UNIVERSITY- OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION; TEMPLE UNIVERSITY- OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a TEMPLE UNIVERSITY; JOSEPH MONAHAN;<br>KEVIN CASEY;<br>BRENDAN MULLER; and<br>FELISHA BROWN,<br><br>               Defendants. | Case No: 2:19-cv-6026-KSM<br><br>**CERTIFICATE OF SERVICE** |

      I certify that on the date listed below, the foregoing Motion to Strike was electronically filed and made available for download and viewing. I also emailed the foregoing document to all counsel of record.

                                     Respectfully submitted,

                                     **DEREK SMITH LAW GROUP, PLLC**

                                     */s/ Susan Keesler, Esquire*
                                     SUSAN KEESLER, ESQ.
                                     susan@dereksmithlaw.com
Dated: August 5, 2020                *Attorneys for Plaintiff, Ricky Savage*