IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICKY SAVAGE**,<br><br>　　　Plaintiff,<br><br>　　　*v.*<br><br>**TEMPLE UNIVERSITY – OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION,** et al.,<br><br>　　　Defendants. | **CIVIL ACTION**<br><br>**NO. 19-6026-KSM** |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                                                     **September 17, 2020**

　　　Plaintiff Ricky Savage brings this suit against his former employer, Defendant Temple University of the Commonwealth System of Higher Education and multiple Temple supervisors, for religious and intersectional discrimination under various Federal and Pennsylvania statutes. In a prior order and opinion on the Defendants' Partial Motion to Dismiss, the Court dismissed Counts I-XII of the amended complaint to the extent those counts alleged race discrimination, but denied the Motion to Dismiss Savage's claim for injunctive relief. (*See* Doc. Nos. 22 & 23.) After the Court's ruling on the Motion to Dismiss, the Defendants filed their answer to the amended complaint, which included 30 affirmative defenses. (Doc. No. 29 at pp. 23–28.) Twenty-one days later, Savage filed a Motion to Strike, which targeted 23 responsive paragraphs and 13 affirmative defenses in the Defendants' answer. (Doc. No. 33.) The Defendants have filed a response brief in opposition to the Motion to Strike. (Doc. No. 34.) Having considered the parties' arguments, the Court will grant the motion in part and deny the motion in part.

## I.     Legal Standard

Federal Rule of Civil Procedure 12(f) states that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Great W. Life Assur. Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993) ("A motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure is the proper method to eliminate matters in pleadings which are found to be redundant, immaterial, impertinent or scandalous" or "to object to an insufficient defense."). Although the "court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)," *N. Penn. Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994) (quotation marks omitted), "motions to strike are generally viewed with disfavor," *Great W. Life Assur. Co.*, 834 F. Supp. at 864; *see also United States v. Marisol*, 725 F. Supp. 833, 836 (M.D. Pa. 1989) ("[M]otions to strike are often viewed with disfavor because of their potential to be used as a dilatory tactic."). A motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice." *N. Penn. Transfer, Inc.*, 859 F. Supp. at 158 (quotation marks omitted); *cf. Marisol*, 725 F. Supp. at 836 (noting that although motions to strike are disfavored, "they do serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case").

"Motions to strike are to be decided on the basis of the pleadings alone." *N. Penn. Transfer, Inc.*, 859 F. Supp. at 159 (quotation marks omitted). "A motion to strike will not be granted where the sufficiency of a defense depends on disputed issues of fact" and "even when the facts are not in dispute, Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial questions of law." *Id.*; *see also Cipollone v. Liggett Grp., Inc.*, 789 F.2d

181, 188 (3d Cir. 1986) (requiring that "the insufficiency of the defense [be] clearly apparent").

"[T]o succeed on a motion to strike, the moving party must show that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that the moving party is prejudiced by the presence of the allegations in the pleading." *Great W. Life Assur. Co.*, 834 F. Supp. at 864; *see also N. Penn. Transfer, Inc.*, 859 F. Supp. at 158 (explaining that a motion to strike "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues"); *Wilson v. King*, Civ. A. No. 06-CV-2608, 2010 WL 678102, at *4 (E.D. Pa. Feb. 24, 2010) ("[E]ven if a motion to strike is technically appropriate and well-founded, motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party.").

## II.     *Defendants' Pleading*

Savage moves to strike paragraphs 4–7, 9, 10, 12, 13, 15, 16, 18–22, 27, 28–30, 36, 40, 62, and 63 of the Defendants' answer, along with affirmative defenses 1, 2, 5, 8, 9, 13, 14, 17, and 26–29. We review the responsive paragraphs before turning to the affirmative defenses.

### A.     *The responsive paragraphs*

Savage argues that paragraphs 4–7, 9, 10, 12, 13, 15, 16, 18–22, 27, 28–30, 36, 40, 62, and 63 of the Defendants' answer should be stricken because in those paragraphs, the Defendants state that Savage's allegations are legal conclusions to which no response is required. (Doc. No. 33 at pp. 5, 10.) Savage argues that the Defendants' responses are inadequate because these paragraphs of the amended complaint assert factual allegations that demand a full response. (*Id.*) The Defendants argue that their responses are proper because: (1) many of the identified paragraphs in the amended complaint state conclusions of law, and (2) the Defendants provided

3

factual responses to those paragraphs that asserted facts.  (Doc. No. 34 at p. 8.)

Federal Rule of Civil Procedure 8(b) governs responsive pleadings and requires the responding party to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B).  "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).  If the party intends to "deny all the allegations of a pleading" it may "do so by a general denial," but otherwise, a party "that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted."  Fed. R. Civ. P. 8(b)(3).

We find that the Defendants have provided a sufficient response to most of the identified paragraphs.  First, we agree with the Defendants that paragraphs 20–22 and 27–30 of the amended complaint state conclusions of law.  For example, paragraph 20 states that the "Defendants were 'employers' and Plaintiff was an 'employee' within the meaning of the applicable law."  (Doc. No. 18 at p. 4 ¶ 20.)  That is a conclusion about the legal relationship between Savage and the Defendants.  Similarly, paragraphs 28, 29, and 30 assert that this Court has jurisdiction, that venue is proper here, and that the Court has the authority to issue a declaratory judgment.  (*Id.* at p. 5 ¶¶ 28–30.)  Those are also clearly legal conclusions.  The Court finds the Defendants' general denial of these paragraphs sufficient under Rule 8(b), and therefore, will deny the Motion to Strike as to paragraphs 20–22 and 27–30.[1]

---

[1] Some district courts in this Circuit have read Rule 8(b) as permitting "only three ways to respond to an allegation: (1) admit it (2) deny it or (3) state that the party lacks knowledge or information sufficient to form a belief about the truth of the allegations."  *Kegerise v. Susquehanna Twp. Sch. Dist.*, 321 F.R.D. 121, 124 (M.D. Pa. 2016); *see also, e.g.*, *Thomas v. Duvall*, Civ. No. 3:16-cv-00451, 2019 WL 8013742, at *6 (M.D. Pa. Oct. 3, 2019) (quoting *Kegerise*, 321 F.R.D. at 124).  Based on this reading, the courts conclude that the Rule does not "permit a party to refuse to respond to an allegation by asserting it is a conclusion of law."  *Kegerise*, 321 F.R.D. at 124. Unlike those cases, however, the Defendants in this case do not rest their response on the assertion that Savage's allegations are "legal conclusions to which no responsive pleading is required."  The Defendants also explicitly "deny the allegations" in each paragraph.  We find those general denials sufficient.  *See* Fed. R. Civ. P. 8(b)(3) ("A party that intends in good faith to deny all the allegations of a pleading — including the jurisdictional grounds — may do so by a general denial.").

In addition, the Court will deny the Motion to Strike as to the Defendants' responses to paragraphs 4–6, 36, 40, and 63 of the amended complaint. Although we do not agree with the Defendants that these paragraphs state pure conclusions of law, the Defendants also provided a specific fact-based denial to Savage's allegations. For example, paragraph 4 of the amended complaint states that "Defendant TEMPLE UNIVERSITY-OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION is a domestic non-profit corporation duly existing under the laws of the Commonwealth of Pennsylvania." (Doc. No. 18 at p. 2 ¶ 4.) The Defendants deny this allegation as stated and respond that "Defendant Temple University is a corporation with an office at 1601 N. Broad Street, Philadelphia, PA 19122. The remaining allegations as set forth in this paragraph are denied." (Doc. No. 29 at p. 2 ¶ 4.)

Similarly, in paragraph 36, Savage alleges that "Defendant CASEY permitted Plaintiff to attend the services on Friday, June 8, 2018." (Doc. No. 18 at p. 5 ¶ 36.) In their response, the Defendants deny the allegation and state that "Plaintiff did not receive approval from Casey to be absent from work on Friday, June 8, 2018." (Doc. No. 29 at p. 7 ¶ 36.) Because the Defendants have sufficiently responded to the factual allegations raised in paragraphs 4–6, 36, 40, and 63 of the amended complaint, the Motion to Strike will be denied as to those paragraphs in the Defendants' answer.[2]

---

[2] Paragraph 40 of the amended complaint states:

Plaintiff at the time presented a six-page letter to Defendant CASEY requesting to attend the services and further stated that he would be willing to work on Christmas and recognized holidays for religions other than Islam so that his co-workers could have time off to observe their holidays as well. The letter also included citations to regulations from Temple's policies, the Commonwealth of Pennsylvania, and the U.S. EEOC pertaining to religious accommodation and employment law.

(Doc. No. 18 at p. 6 ¶ 40.) In their answer, the Defendants "deny the allegations in this paragraph, which purport to characterize the contents of a written document that speaks for itself." The Court finds that this is a sufficient response, and therefore, denies the motion to strike as to this paragraph. *Cf. Great W. Life Assur. Co.*, 834 F. Supp. at 865 (denying motion to strike responses in which the "Defendant alleges that the writings speak for themselves" because "the Court finds that such responses are denials of the Plaintiff's characterization and representation of the writings").

5

That leaves the Defendants' responses to paragraphs 7, 9, 10, 12, 13, 15, 16, 18, 19, and 62. The Court will grant the Motion to Strike as to those paragraphs because they do not adequately respond to the factual allegations in Savage's amended complaint. *See Great W. Life Assur. Co.*, 834 F. Supp. at 865 (In its responses to certain paragraphs of the complaint, "the Defendant alleges that Plaintiff's averments are conclusions of law and do not require a reply. Upon review of the above paragraphs in Plaintiff's Complaint, this Court finds that Plaintiff's averments in [those] paragraphs . . . are not conclusions of law, but are factual allegations which require a response by the Defendant."); *see also Thomas*, 2019 WL 8013742, at *6 (finding that "the defendants' response here [did] not comply with Rule 8(b) because the allegations at issue are, plainly, factual allegations and not conclusions of law"); *Wells Fargo Bank, N.A. ex rel. Registered Holders v. 2600 E. Carson St. Assocs., L.P.*, No. 2:17-CV-00764-CRE, 2018 WL 183220, at *3 (W.D. Pa. Mar. 7, 2018) (finding that the Defendants "general denial" and assertion that the "allegations are conclusions of law to which no response is required" did not "fairly respond to the substance of the allegation," which was "entirely factual").

Paragraph 7 of the amended complaint states that the "Defendants TEMPLE UNIVERSITY-OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION and TEMPLE UNIVERSITY-OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a TEMPLE UNIVERSITY (hereinafter collectively referred to as Defendants and "TEMPLE") are joint and single employers of Plaintiff."  (Doc. No. 18 p. 2 ¶ 7.)  In response, the Defendants generally deny the allegation and state that Temple University is "a corporation with an office at 1601 N. Broad Street, Philadelphia, PA 19122."  (Doc. No. 29 at p. 2 ¶ 7.)  That response does not adequately address Savage's allegation that he was employed by the two identified Defendants.  Although this paragraph may touch on legal issues, such as whether

6

Savage and the Temple Defendants entered an employer-employee relationship, we find that paragraph 7, at heart, states a fact:  Savage was employed by the identified Defendants (whether as an employee, independent contractor, or any other classification).  Similarly, paragraph 62 of the amended complaint, which states that the "defendants unlawfully upheld the unlawful termination of Plaintiff," includes both a conclusion of law (that the termination was unlawful) and an assertion of fact (that the Defendants upheld the termination).  Last, we find that the remaining paragraphs — 9, 10, 12, 13, 15, 16, 18, and 19 of the amended complaint — also contain factual allegations — notably, that individual Defendants  "held hiring and firing authority" and "supervisory authority" over Savage.  (Doc. No. 18 at p. 3 at ¶¶ 9, 10, 12, 13, 15, 16, 18, 19.)  Because the Defendants have not adequately responded to the factual allegations raised in these paragraphs, we will grant the Motion to Strike as to them.  *Cf. Great W. Life Assur. Co.*, 834 F. Supp. at 865.

The Motion to Strike will be granted as to paragraphs 7, 9, 10, 12, 13, 15, 16, 18, 19, and 62 of the Defendants' answer.  It is denied as to paragraphs 4–6, 20–22, 27–30, 36, 40, and 63.

### B.        *The affirmative defenses*

Next, Savage argues that many of the Defendants' affirmative defenses are insufficient and should be stricken.  (Doc. No. 33 at pp. 5–6.)  Specifically, he argues that defenses 1, 2, 5, 8, 9, 13, 14, 17, and 26–29 should be stricken because the Defendants have "no valid basis or factual basis for these defenses, and they confuse the issues." (*Id.* at pp. 7–10.)  Savage also argues that he will be prejudiced if these affirmative defenses are allowed to stand because he will have to engage in continued and burdensome discovery to discern how these defenses relate to his claims, necessitating further depositions and discovery requests.  (*Id.* at p. 10.)

In reviewing the challenged affirmative defenses, we do not apply the *Twombly/Iqbal*

plausibility standard.  *See Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 895 (E.D. Pa. April 12, 2011); *Alliance Indus. Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*, Civ. A. No. 13-2510, 2014 WL 4548474, at *2 (E.D. Pa. Sept. 11, 2014) (adopting *Tyco Fire Products*' reasoning); *Weed v. Ally Fin. Inc.*, Civ. A. No. 11-2808, 2012 WL 2469544, *3 (E.D. Pa. June 28, 2012) (same) (finding that "many courts, including the majority of district courts in this Circuit, have persuasively argued that *Twombly/Iqbal* does not apply").  Instead, we look only to whether the affirmative defense provides "fair notice of the issue involved."  *Id.* (explaining that this is "not an exacting standard even remotely approaching the type of notice required of a claim under *Twombly* and *Iqbal*").  "Providing knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case, is the purpose of requiring averments of affirmative defenses," and the court will strike defenses challenged on sufficiency grounds only if they fail to meet this low standard.  *Id.* at 901; *see also Alliance Indus. Ltd.*, 2014 WL 4548474, at *3 (denying a motion to strike affirmative defenses where the defense "adequately puts Plaintiffs on notice that this is a defense that may be developed through factual discovery"); *Weed*, 2012 WL 2469544, at *4 (denying a motion to strike because "Defendant's affirmative defenses, though void of factual details, provide Plaintiffs with fair notice because Plaintiffs are now aware that the issue exists").

       With this standard in mind, we begin with affirmative defenses 1 and 26–29.  The Defendants' first affirmative defense states that Savage has "failed to state a cause of action upon which relief can be granted."  (Doc. No. 29 at p. 23.)  Similarly, affirmative defenses 26, 27, 28, and 29 state that Savage has failed to state a cause of action under the PHRA (Defense 26), under the PFPO (Defense 27), for declaratory relief (Defense 28), and for injunctive relief (Defense 29).  (*Id.* at p. 27.)  Savage argues that each defense is "insufficient" because the "Amended

Complaint clearly stated a claim for relief." (Doc. No. 33 at pp. 7–9.) In addition, for affirmative defense 29, Savage argues that this defense must be stricken because "this Court found that Plaintiff's claim for injunctive relief survived Defendants' motion to dismiss." (*Id.* at p. 10.)

To the extent Savage argues that these defenses fail because he has "stated a claim for relief," the Court declines to address the merits of these issues at this time. *See Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986) (explaining that "a court should restrain from evaluating the merits of a defense" at the motion to strike stage because "the factual background for a case is largely undeveloped"). "The Federal Rules specifically permit an averment of failure to state a claim to be raised as an affirmative defense." *Cintron Beverage Grp., LLC v. Depersia*, No. Civ. A. 07–3043, 2008 WL 1776430, at *2 (E.D. Pa. Apr. 15, 2008); *see also N. Penn. Transfer, Inc.*, 859 F. Supp. at 164–65 (refusing to strike affirmative defense that the complaint fails to state a cause of action because "this defense is clearly appropriately asserted in the responsive pleading"); *Knit With v. Knitting Fever, Inc.*, Civ. A. Nos. 08-4221, 08-4775, 2009 WL 973492, at *7–8 (E.D. Pa. Apr. 8, 2009) (finding that the defendants did not waive their defense of failure to state a claim "by failing to present it in their original Motion to Dismiss" because "Federal Rule of Civil Procedure 12(h) not only exempts this defense from any type of waiver, but in fact explicitly permits it to be raised by pleading, Rule 12(c) motion, or at trial").

In addition to being permissible under the Rules, affirmative defenses 1 and 26–28 give Savage fair notice of the issues. *Weed*, 2012 WL 2469544, at *4. Therefore, the Motion to Strike will be denied as to those affirmative defenses. However, because we agree with Savage that our previous order denied the Defendants' Motion to Dismiss Savage's claim for injunctive

relief (Doc. No. 23), the Motion to Strike will be granted as to affirmative defense 29.[3] *See United States v. CVS Caremark Corp.*, Civ. A. No. 09-4672, 2013 WL 1755214, at *4 (E.D. Pa. Apr. 24, 2013) (granting motion to strike affirmative defenses that merely reiterated arguments in the defendant's motion to dismiss, which the Court previously rejected).

Next, we address affirmative defenses 13 and 14, which state that the "Plaintiff's claim for religious discrimination and retaliation fails" because Savage "rejected Defendants proposed reasonable accommodation" (Defense 13) and because Savage "failed to engage in the interactive process" (Defense 14). (Doc. No. 29 at p. 25.) Savage argues that these defenses are "insufficient" because the depositions of individual Defendants show that they never offered Savage an accommodation and that Savage asked to engage in an interactive process. (Doc. No. 33 at pp. 8–9 (quoting deposition transcripts).) The Defendants argue that it would be improper to strike these paragraphs because these affirmative defenses rest on disputed issues of fact. (Doc. No. 34 at pp. 6–7.) We agree.

As Savage's own argument demonstrates, the applicability of these affirmative defenses will turn on the specific facts of this case, including each Defendant's knowledge and the nature of their interactions with Savage about his request to attend religious services. Because there are

---

[3] The Defendants argue that striking this defense is improper because the Court's previous opinion found only that the Plaintiff had standing to assert a claim for injunctive relief. (Doc. No. 34 at pp. 7–8.) Although the Court's previous order rested on a finding that Savage had standing to seek injunctive relief, the Court broadly denied the Defendants' motion to dismiss the claim for injunctive relief. (*See* Doc. No. 22 at p. 15.) The Defendants also argue that deposition testimony shows Savage had no intention of returning to work, meaning that disputes of fact remain about whether Savage can seek injunctive relief. (Doc. No. 34 at pp. 7–8.) But these fact issues have no bearing on whether the amended complaint fails to state a claim for injunctive relief. *See Marisol*, 725 F. Supp. at 836 ("As the Government correctly points out, however, the defense of failure to state a claim upon which relief can be granted challenges only the formal sufficiency of the claims set forth in the complaint.") Because affirmative defense 29 attacks the sufficiency of the amended complaint, and the Court previously found that the amended complaint stated a claim for injunctive relief, the defense will be stricken. However, we note that the Defendants are free to raise these fact-based issues at summary judgment, and to argue that Savage lacks standing to take his injunctive relief claim to trial. *See Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019) ("Although rulings on standing often turn on a plaintiff's stake in initially filing suit, Article III demands that an 'actual controversy' persist throughout all stages of litigation.") (quotation marks omitted).

disputed issues of fact, we will deny the Motion to Strike affirmative defenses 13 and 14.  *See N. Penn. Transfer, Inc.*, 859 F. Supp. at 159 ("A motion to strike will not be granted where the sufficiency of a defense depends on disputed issues of fact."); *see also Weed*, 2012 WL 2469544, at *2 ("A motion to strike will not be granted where the sufficiency of the defense depends on disputed issues of facts or where it is used to determine disputed and substantial questions of law.").

Third, the Court turns to affirmative defenses 2 and 5, which contend that Savage's claims are barred by the applicable statute of limitations and that Savage has failed to exhaust administrative remedies.  (Doc. No. 29 at pp. 23–24.)  Savage argues that these defenses are "insufficient" because the amended complaint "expressly delineates the time period relevant to his claims" and shows that those claims were "timely filed" with the administrative agencies.  (Doc. No. 33 at p. 7.)  In their response, the Defendants argue that these defenses should stand, in part, because they rest on issues of fact, such as whether Savage raised his intersectional discrimination claim in his Charge of Discrimination.  (Doc. No. 34 at pp. 5–6.)

The Court will deny the Motion to Strike as to these defenses.  If, as the Defendants argue, Savage failed to raise a claim for intersectional discrimination before the relevant administrative agencies, then the Defendants could succeed on their failure to exhaust and statute of limitations defenses.  *See Alliance Indus. Ltd.*, 2014 WL 4548474, at *3 ("Defendant need not plead the factual basis of the [defense of substantial] performance *if some set of facts could support the defense*.") (emphasis added); *see also N. Penn. Transfer, Inc.*, 859 F. Supp. at 159 ("A motion to strike will not be granted where the sufficiency of a defense depends on disputed issues of fact."). Because affirmative defenses 2 and 5 rest on issues of fact, the Court will deny the Motion to Strike as to those defenses.  *Cf. id*. at 164 (finding that the defendant's statute of

limitations "defense fairly presents a question of law and fact which cannot be decided at this point in the litigation").

Fourth, we evaluate affirmative defenses 8 and 17. Affirmative defense 8 contends that the Court "lacks jurisdiction over all claims not included in Plaintiff's Charge of Discrimination dual filed with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission." (Doc. No. 29 at p. 24.) Defense 17 states the "Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver." (*Id.* at p. 26.) Savage argues that both defenses should be stricken because they are "confusing" and "confuse the issues in this case." (Doc. No. 33 at pp. 7, 9.) Specifically, Savage argues that affirmative defense 8 is "insufficient" because it is unclear "which claim in particular Defendants are referring to, thereby providing no notice to Plaintiff as to which claims they are challenging on a jurisdictional basis." (*Id.* at p. 7.) Similarly, Savage argues that defense 17 is "insufficient" because the Defendants have not "presented any factual basis for this defense," rendering it impossible for Savage to "determine how the defense of waiver is applicable to this case." (*Id.* at p. 9.)

Contrary to Savage's assertions, the Defendants are not required to detail the "factual basis" for their defenses.[4] As we have explained, "[p]roviding knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case, is the purpose of requiring averments of affirmative defenses," and the court will strike defenses challenged on sufficiency grounds only if they fail to meet this low standard. *N. Penn. Transfer, Inc.*, 859 F. Supp. at 164 (noting that "applying the concept of notice to require more than awareness of the issue's existence imposes an unreasonable burden on defendants who risk the prospect of

---

[4] Also, as noted above, the Defendants specifically argue in their response brief that Savage failed to assert a claim for intersectional discrimination in his Charge of Discrimination.

waiving a defense at trial by failing to plead it"); *see also Weed*, 2012 WL 2469544, at *4 (denying a motion to strike because "Defendant's affirmative defenses, though void of factual details, provide Plaintiffs with fair notice because Plaintiffs are now aware that the issue exists"). The Court finds that defenses 8 and 17 meet this low standard and provide sufficient notice to Savage that the issues of exhaustion and waiver exist. Therefore, the Motion to Strike will also be denied as to affirmative defenses 8 and 17.

Last, the Court will grant the Motion to Strike affirmative defense 9, which the Defendants have agreed to withdraw.

### III. *Conclusion*

In sum, the Motion to Strike is granted in part and denied in part. The Defendants' responses in paragraphs 7, 9, 10, 12, 13, 15, 16, 18, 19, and 62 of their answer are stricken, and the Defendants required to submit new responses. Affirmative defenses 9 and 29 are also stricken. The remainder of the Motion is denied.

An appropriate order follows.